**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Davon Xavier Snell,<br><br>Defendant. | No. CR-23-00186-001-TUC-SHR (BGM)<br><br>**Order Re: Report & Recommendation** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 111) issued by United States Magistrate Judge Bruce G. Macdonald recommending the Court find Defendant violated Special Condition Nos. 3 and 4 of the terms of his probation. Defendant has filed an Objection (Doc. 112) with respect to Special Condition No. 3.[1] For the following reasons, the Court will adopt the R&R in its entirety.

**I.    Background**

On January 11, 2024, Defendant pled guilty to the felony offense of Transportation of Illegal Aliens for Profit. (*See* Doc. 72.) On March 26, 2024, the Court ordered Defendant be placed on a five-year term of probation. (*See* Doc. 90.) On August 30, 2024, Defendant's probation officer, United States Probation Officer Jeffrey Short, filed a

---

[1] Defendant concedes he violated Special Condition No. 4 by failing to make timely monthly payments towards the Special Assessment on at least one occasion. (Doc. 112 at 5.) Accordingly, this Court need not review Judge Macdonald's recommendation as to Special Condition No. 4. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (A "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Superseding Petition for Warrant to Revoke Probation alleging Defendant had violated Special Condition No. 3 on nine different occasions. (Doc. 96 at 1–2.) Special Condition No. 3 provides as follows:

> The Court imposes home detention. You must participate in the Location Monitoring Program for a period of 180 days utilizing the probation officer's discretion and should abide by all technology requirements. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the probation officer. You must follow all the program rules and pay all or part of the costs of participation in the location monitoring program as directed by the Court and/or probation officer.

(Doc. 90 at 4.)

Defendant requested an evidentiary hearing, and Judge Macdonald conducted the hearing on October 16, 2024, and November 5, 2024. (Docs. 105, 106, 110.) At the hearing, Officer Short testified Defendant had admitted to all nine violations when confronted with the allegations. Defendant testified the alleged violations had occurred while he was working as a truck driver and buying and selling cars, during a family outing and custodial exchanges of his children, and while dealing with maintenance issues involving his apartment and car. Defendant denied understanding he had violated the terms of the Location Monitoring Participation Agreement. Judge Macdonald found Defendant's testimony "not credible on this issue," further finding the Government had satisfied its burden of establishing Defendant violated Special Condition No. 3 of his probation. (Doc. 111 at 3.)

**II.     Legal Standard**

A court may revoke a defendant's probation if it finds by a preponderance of the evidence that the defendant violated a condition of probation. 18 U.S.C. §§ 3565(a)(2), 3583(e)(3); *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008); *see also United States v. Hall*, 419 F.3d 980, 985 n.4 (9th Cir. 2005) ("Parole, probation, and supervised release revocation hearings are constitutionally indistinguishable and are analyzed in the

same manner."). The preponderance standard is met by showing the relevant fact is more probably true than not. *United States v. Collins*, 109 F.3d 1413, 1420 (9th Cir. 1997).

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."). "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3).

### III. Discussion

Defendant objects to Judge Macdonald's finding that he violated Special Condition No. 3 of his probation. (Doc. 112 at 5.) Defendant argues he did not "willfully violate his location monitoring requirement," characterizing any violations as "*de minimis*" and providing explanations for the nine occasions identified in the petition to revoke on which he left his residence without authorization or traveled to unapproved locations. (*Id.* at 2–5.) Although Defendant denies understanding at the time of the alleged violations he was, in fact, violating the terms of his probation, he does not deny he violated those terms on nine occasions. Accordingly, after an independent review of the record, the Court finds Defendant violated Special Condition No. 3 of his probation.

### IV. Conclusion

**IT IS ORDERED** Defendant's Objection (Doc. 112) to Judge Macdonald's finding regarding Special Condition No. 3 is **OVERRULED**.

**IT IS FURTHER ORDERED** the Report & Recommendation (Doc. 111) is **ACCEPTED AND ADOPTED IN FULL**. The Court finds Defendant violated Special Condition Nos. 3 and 4 of his probation as alleged in the Petition to Revoke Probation (Doc. 96).

**IT IS FURTHER ORDERED** a Final Disposition Hearing is set for **Tuesday, March 4, 2025, at 11:00 a.m.**, before the Honorable Scott H. Rash. The U.S. Probation

Office is directed to prepare a disposition report.

Dated this 3rd day of January, 2025.

_____
Honorable Scott H. Rash
United States District Judge